## UNLIGHTED AREAWAY IN APARTMENT HOUSE.

Circuit Court of Cuyahoga County.

F. C. GOODMAN v. NELLIE G. LYNCH.

Decided, June 18, 1909.

*Negligence—Unlighted Areaway—Reading Law Book to Jury.*

1. It is negligence on the part of the owner of an apartment house not to maintain a light at an areaway leading down to the janitor's door in the basement, when he invites the public to call there to inspect rooms for rent.
2. It is not *per se* prejudicial error for counsel to read to the jury from a law book, as part of his argument.

*Klein & Harris*, for plaintiff in error.
*A. W. Lamson* and *W. B. Beebe*, contra.

WINCH, J.; HENRY, J.. and MARVIN, J., concur.

With some doubt and hesitation we reach the conclusion that the record of this case sustains the proposition that the plaintiff in error was negligent in not having a light at the areaway leading down to the janitor's door in his apartment house. We do not think that, under the construction shown, other guard was necessary. He should have apprehended that women and children, as well as persons of business experience, would seek this door early in the evening, but after dark, for the purpose of inspecting rooms for rent, which his sign invited.

If we are right in this, the question of contributory negligence on the part of the plaintiff below is so correlated to it, that the jury might well have found that she was not negligent.

There is no reversible error shown on the record by the statement as to counsel's reading to the jury from a law book. What he read is not shown and will not be presumed to have been prejudicial. At any rate, the court properly cautioned the jury upon this subject.

There was no error in refusing to give plaintiff in error's request to charge before argument, for the request did not

comply with the statute. and an examination of the general charge has satisfied us that the court properly covered all the points that the plaintiff in error called to his attention and was entitled to.

· We find no prejudicial error in the three distinctions requested by the plaintiff below.

We do not agree with the claim of plaintiff in error that by the introduction of the word "solely" he has converted what would otherwise be a charge of contributory negligence into something else, nor, as before stated, do we find that there is any prejudicial error in the charge as given.

Judgment affirmed.